NUMBER 13-09-00433-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


GABRIEL MARTINEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court 

of San Patricio County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Benavides, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant Gabriel Martinez appeals from his conviction for two counts of sexual
assault of a child and two counts of indecency with a child. See Tex. Penal Code Ann. 
§§ 21.11, 22.011 (Vernon Supp. 2009). Martinez pleaded not guilty, and the case was
tried to a jury on May 26-27, 2009. The jury found Martinez guilty of all four counts. At the
punishment phase of the trial, Martinez pleaded true to the State's enhancement
allegations and was sentenced to fifty years' incarceration for each count and assessed
a $2,000 fine for count one; the sentences were ordered to run concurrently.

 Concluding that Martinez's "appeal in this cause is frivolous and without merit,"
counsel filed an Anders brief in which he reviewed the merits, or lack thereof, of the
appeal. We affirm.

I. Compliance with Anders v. California

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Martinez's
court-appointed appellate counsel has filed a brief with this Court, stating that he has
"diligently reviewed the entire record in this cause and the law applicable thereto," and in
his professional opinion, "there are no grounds of error upon which an appeal can be
predicated." After discussing the jury trial, the punishment assessed, and applicable law,
counsel concludes that "no error by the trial court" or Martinez's trial counsel is "apparent
on the record." See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008)
(orig. proceeding) ("In Texas, an Anders brief need not specifically advance 'arguable'
points of error if counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.") (citing Hawkins v. State, 112
S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Martinez's counsel has, thus, carefully discussed why, under controlling authority,
there are no errors in the trial court's judgment. Counsel has informed this Court that he
has: (1) served a copy of the brief and his request to withdraw as counsel on Martinez; (2)
forwarded Martinez a copy of the record; and (3) informed Martinez of his right to file a pro
se response. (1) See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In
re Schulman, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed,
and Martinez has not filed a pro se response. See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, this Court must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw In accordance with Anders, Martinez's attorney has asked this Court for permission
to withdraw as counsel for Martinez. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion
to withdraw that was carried with the case on April 30, 2010. Within five days of the date
of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to
Martinez and to advise Martinez of his right to file a petition for discretionary review. (2) See
Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the 17th

day of June, 2010.

1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig.
proceeding) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should Martinez wish to seek further review of this case by
the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review
or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty
days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. 
See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will
be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.